IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of GEORGE W. SCHLICH for Order to take Discovery Pursuant to 28 U.S.C. 1782,<br><br>Applicant. | Case No. 16MISC 0319 |

### *EX PARTE* PETITION AND APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Applicant George W. Schlich ("Schlich" or "Applicant") as an agent for Intellia Therapeutics, Inc. ("Intellia"), pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26, 30, and 45, respectfully applies to this Court for an order in the form attached hereto authorizing it to obtain certain limited discovery for use in European patent opposition proceedings. In support of its application, Applicant submits a Memorandum of Law and attaches the Declarations of George Schlich and Casey Dwyer, and further states as follows:

1. Applicant seeks the assistance of this Court to obtain discovery from The Rockefeller University ("Rockefeller"), Luciano Marraffini ("Marraffini"), Vedder Price P.C. ("Vedder") and Thomas Kowalski ("Kowalski") (collectively "Respondents"), all of whom reside or are found in this District. Applicant's narrowly tailored requests, set forth in the subpoenas attached as Exhibits 1-7 to the Dwyer Declaration, relate to facts and documents put at issue in European patent opposition proceedings through declarations filed by two of the Respondents. At base, Applicant seeks limited discovery, pursuant to Section 1782, in order to provide the European Patent Office with additional, relevant facts related to the full story.



RECEIVED
2016 AUG 26 P 12:53
U.S. DISTRICT COURT SDNY

RECEIVED
AUG 26 2016
U.S.D.C. S.D. N.Y.
CASHIERS

2. This Petition relates to certain European patent rights for aspects of the biotechnology breakthrough known as CRISPR/Cas9 technology, which allows precise gene editing with the potential to cure genetic diseases. In European Patent Office proceedings brought by Applicant and eight other parties to challenge patentability and seek revocation of certain CRISPR/Cas9 patents owned by the Broad Institute, Respondent Kowalski of Vedder has filed sworn declarations containing selective information to support the Broad Institute's arguments. These declarations provide Kowalski's opinion on the transfer of ownership and inventorship of the patents at issue in the oppositions, and reference and rely upon documents from, and interviews with, the inventors (including Respondent Marraffini). Applicant seeks discovery pursuant to Section 1782 regarding the facts and documents underlying these declarations.

3. 28 U.S.C. § 1782, permits interested parties in foreign proceedings to obtain discovery in the United States to assist in those proceedings. Section 1782(a) states, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). The goal of the statute is to "provid[e] equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects." S.Rep. No. 88–1580 (1964), reprinted in 1964 U.S.C.C.A.N. 3782, 3783.

4. The requirements of Section 1782 are satisfied here. As explained further in the attached Memorandum of Law: (1) Respondents "reside" or are "found" in this District; (2) the

discovery sought by Applicant is "for use in a proceeding" before a "foreign . . . tribunal"; (3) Applicant is an "interested person" in that proceeding; and (4) the discovery sought is not privileged.

5. Additionally, all of the discretionary factors a court may consider when evaluating a Section 1782 request clearly weigh in favor of Applicant's petition. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80-81 (2d Cir. 2012). Indeed, Respondents are not parties to the pending proceedings. And Applicant's request is consistent with the requirements of the European Patent Office, which is receptive to this form of discovery. Finally, the discovery sought is highly relevant to the foreign proceedings, and is neither unduly burdensome nor intrusive. *See Intel*, 542 U.S. at 262-65.

6. This *ex parte* application is also proper. Section 1782 applications are typically "received and appropriate action taken . . . *ex parte*," with any privilege issue raised and resolved through a motion to quash made after a subpoenas has been authorized and issued. *In re Letters Rogatory from the Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976); *see also Gushlak v. Gushlak*, 486 Fed.App'x. 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 WL 3844464, at *8 (S.D.N.Y. Dec. 29, 2006) (granting *ex parte* application for discovery under Section 1782).

7. For the foregoing reasons, and for the reasons set forth in the Declarations of George Schlich and Casey Dwyer, and the Memorandum of Law in Support of this Application, Applicant respectfully requests that this Court enter an order in the form attached hereto, under

28 U.S.C. § 1782, and grant Applicant leave to conduct the requested discovery in accordance with the proposed subpoenas attached as Exhibits 1 through 7 to the Dwyer Declaration.

WHEREFORE, Applicant respectfully requests that this Court grant the application.

Dated: August 26, 2016

                                        LATHAM & WATKINS LLP

By _____
Casey L. Dwyer
LATHAM & WATKINS LLP
555 Eleventh St., NW
Washington, D.C. 20004-1304
Telephone: .202.637.2200
Facsimile: +202.637.2201
casey.dwyer@lw.com

Benjamin A. Naftalis
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: 212.906.1200
Facsimile: 212.751.4864
benjamin.naftalis@lw.com

*Attorneys for Applicant*
*George W. Schlich*

Of Counsel:

Michael A. Morin
David P. Frazier
LATHAM & WATKINS LLP
555 Eleventh St., NW
Washington, D.C. 20004-1304
Telephone: 202.637.2200
Facsimile: 202.637.2201
michael.morin@lw.com
david.frazier@lw.com
*(pro hac vice motion to be filed)*

- 5 -

Mary K. Ferguson
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
2 Seaport Lane
Boston MA 02210-2001
Telephone: 617.646.1600
Facsimile: 617.646.1666
mary.ferguson@finnegan.com
*(pro hac vice motion to be filed)*